Velma B. LaVoy
vs.
Providence, Hartford, Norwich
Lines, Inc. } No. 2820.

Ellis LaVoy
vs.
Providence, Hartford, Norwich
Lines, Inc. } No. 2821.

Robert M. Cox, p. a.
vs.
Providence, Hartford, Norwich
Lines, Inc. } No. 2822.

March 16, 1934.

POULIOT, J. These cases are before the Court on defendant's motion for a new trial after a jury had returned a verdict for the plaintiff in each case.

On May 15, 1933, the plaintiff, Velma B. Lavoy, accompanied by her son, by a prior marriage, Robert M. Cox, was a passenger on a "bus", a Packard 7-passenger sedan, operated by the defendant on the road to Hartford, Connecticut. When the Packard attempted

to pass a car bearing New York registration plates, a collision took place, as a result of which injuries were received by Mrs. LaVoy and her son.

This accident happened in the State of Connecticut and was tried under that State's statute requiring the highest degree of care on the part of motor vehicle operators carrying passengers for hire.

The story of the plaintiff, who sat in the middle of the rear seat, was that the Packard had been following the New York car for about a minute at a distance of 20 to 25 feet; that the New York car swung to its left, at an obtuse angle, heading for a gasoline station on its left side of the road; that after the New York car had started its swing, the operator of the Packard attempted to pass the New York car and collided with it. She states she heard no signal given by the operator of the Packard.

The defendant's story was that at a distance of 25 feet back of the New York car, the Packard signalled it was going to pass; that it swung out to its left and got into the left lane; that there was an unobstructed view ahead of 300 to 400 yards, with a slight down grade; that when the Packard had gotten to about 15 feet from the New York car, the New York car suddenly, without warning, swung to its left; that defendant's driver applied his brakes and pulled to the right, but could not avoid a collision, his left front wheel striking the rim of a spare tire carried on the rear of the New York car. No serious damage was done to either car.

In the argument on this motion, plaintiff's counsel contended that the three allegations in the declaration had been proven: 1, That defendant's car had not kept a sufficient distance behind the New York car; 2, that no signal was given to pass, and, 3, unreasonable rate of speed. The first contention

need not be considered as there is no evidence that it has any connection with this case. As to the second claim, the only evidence from the plaintiff is that she heard no signal. A Mr. Rosenberg, produced by the plaintiff, was a passenger, sitting in the front seat next to driver. At the trial he did not recall definitely as to a signal, but stated that a written statement given to a representative of the defendant shortly after the collision and containing an assertion that a signal was given was accurate and correct at the time the statement was made. The positive testimony of the driver of the Packard on this point—and he described how the signal was given—is corroborated by Rosenberg's written statement. The rate of speed was 40 to 45 miles per hour. Unreasonableness of speed depends on the conditions of the road and the circumstances at the time, as set forth in the Connecticut statute submitted to the Court. This accident occurred about 2 P. M. on a clear day, with a dry road on which were only two cars, the Packard and the New York car, with unobstructed vision for a thousand feet or more. There has been no evidence produced that the speed at which the defendant's car was travelling contributed to causing a collision, nor was this argued.

The Court's reaction is that the proximate cause of the collision was the driver of the New York car swerving to his left in the path of the dedendant's car, without any warning. This, it seems to the Court, is amply proved by all the evidence. The driver of the New York car, whose rear vision through his mirror was blocked by blankets and other baggage piled high on his rear seat, swung across the road, without knowing anything was coming from behind and without giving any warning.

The plaintiff has not proven liability by the burden of proof imposed upon her to entitle her to a verdict.

Though the Court's finding on liability obviates the necessity of discussing damages, yet it feels it ought to make an observation. The sum of $100 was awarded to the Cox boy, $100 was given Ellis LaVoy, the husband of Velma, and the jury assessed $4800 in the wife's case. While Mrs. LaVoy suffered some painful injuries, they were not serious enough to warrant the sum awarded her, as some portion of her physical discomfort was attributable to pregnancy. Mr. LaVoy had expenses of some $150, yet the jury gave him only $100. After the jury had been out a short time, a request for instructions was made by the foreman. His inquiry was whether or not they could give a lump verdict for all three cases together, letting the parties make their own division. Did they have in mind, in dividing $5,000, a statement by one witness about the defendant being insured? The Court cannot help but feel, in view of the awards which are not tenable under the evidence, that this knowledge, and not the evidence, induced them to bring in these verdicts.

Defendant's motion for a new trial granted in each case.

For plaintiffs: George Roche.

For defendant: Henry M. Boss.

